J-S06014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES ANTHONY DEROSE | : | |
| | : | |
| Appellant | : | No. 992 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 11, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at Nos. CP-22-CR-0004041-2021,
CP-22-CR-0004043-2021, CP-22-CR-0004756-2021

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: MARCH 31, 2023**

Appellant, James Anthony Derose, appeals from the judgments of sentence entered on three dockets in the Court of Common Pleas of Dauphin County on May 11, 2022.  Following issuance of the May 11 sentencing order, Appellant filed a motion for reconsideration, which the trial court denied in three separate orders (one for each docket) on June 28, 2022.  Neither the sentencing order nor the orders denying reconsideration included any instructions for taking an appeal from the trial court's orders.  On July 12, 2022, Appellant filed a single notice of appeal.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court held that appellants are required to file separate notices of appeal when,

_____

[*] Former Justice specially assigned to the Superior Court.

as here, a single order resolves issues arising on more than one lower court docket.[1]   Subsequently, in **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021), the Court revisited the issue in the context of Pa.R.A.P. 902 and held:

> Now that Rule 902 is squarely before us, we take it on its terms, notwithstanding any effect its application here may have on the bright-line rule of **Walker**.   In doing so, we conclude the relationship between Rules 341(a) and 902 is clear.   Rule 341 requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, Rule 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate.

**Id.** at 477 (footnote omitted).

Consistent with **Young**, and this Court's ruling on remand, **see Commonwealth v. Young**, 280 A.3d 1049 (Pa. Super. 2022), we remand this case to allow Appellant, within ten days, to file separate notices of appeal at each of the three docket numbers at issue in this appeal.   Failure to do so will result in quashal of the appeal.   Upon the trial court's certifications that the notices have been duly filed as part of supplemental records, we shall proceed to address the substance of the appeals.

Case remanded with instructions.   Panel jurisdiction retained.

---

[1] **Walker** applies to all case filed after June 1, 2018.   **See Walker**, 185 A.3d at 977.